UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAREN MORALES POSADA, AMANDA SARMENTO FERREIRA GUIMARAES, WILLIANA ROCHA, and SARA BARRIENTOS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CULTURAL CARE, INC.,<br>a Massachusetts Corporation,<br><br>Defendant. | Civil Action No. 1:20-cv-11862-IT<br><br>**ORAL ARGUMENT REQUESTED** |

## **DEFENDANT'S MOTION TO COMPEL ARBITRATION**

Defendant Cultural Care, Inc. ("Defendant" or "Cultural Care") moves pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, to compel arbitration of all claims brought in the Second Amended Class Action Complaint filed on February 19, 2021 (Dkt. 43) by Plaintiffs Karen Morales Posada, Amanda Sarmento Ferreira Guimaraes, Williana Rocha, and Sara Barrientos, individually and on behalf of a purported putative class of all others similarly situated (collectively "Plaintiffs"). Specifically, Cultural Care moves to compel based upon Plaintiffs' failure to arbitrate their claims, which are subject to valid, irrevocable, and enforceable international arbitration agreements signed by Plaintiffs that Cultural Care is entitled to enforce.

Specifically, Defendant hereby moves the Court to: (1) compel the named Plaintiffs and opt-in Plaintiffs to arbitration, pursuant to their contracts and 9 U.S.C. § 206, and dismiss as to them, *see Next Step Med. Co. v. Johnson & Johnson Int'l*, 619 F.3d 67, 71 (1st Cir. 2010); or (2) alternatively, compel the named Plaintiffs to arbitration, stay the case as to them (*see* 9 U.S.C. §

3), and dismiss the opt-in Plaintiffs without prejudice, *see, e.g.*, *Joseph v. Quality Dining, Inc.*, 244 F. Supp. 3d 467, 475 (E.D. Pa. 2017) (employing this procedure following grant of motion to compel arbitration of named plaintiffs' claims in FLSA collective action); and (3) compel the sub-classes to arbitration except for the alleged California class, as to which this Court should stay all proceedings in favor of first-filed litigation in California state court, *Kudlacz et al. v. Cultural Care, Inc*, No. CGC-20-584567 (Cal. Super. Ct.). Finally, (4), to the extent it does not order such Plaintiffs to arbitration, Defendant moves to strike any opt-in consents from Plaintiffs who signed 2023 contracts directly with CCI, because those contracts include an express waiver of opting in to a collective or class action.

This motion is based on the concurrently filed Memorandum in Support, the Declarations of Harvey J. Wolkoff and Natalie Jordan and all exhibits attached thereto, all pleadings and papers on file in this matter, all matters of which this Court may take judicial notice, and upon such other matters as may be presented to the Court.

## REQUEST FOR ORAL ARGUMENT

Defendant respectfully requests oral argument in connection with this motion.

Dated:  August 18, 2023

Boston, Massachusetts

Respectfully submitted,

/s/ *Harvey J. Wolkoff*
Harvey J. Wolkoff (BBO# 532880)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
Tel: 617-712-7100
harveywolkoff@quinnemanuel.com

*Attorney for Defendant Cultural Care, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the above document will be filed through the ECF System and sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated:  August 18, 2023

                                                     /s/ *Harvey J. Wolkoff*
                                                     Harvey J. Wolkoff