# EXHIBIT F

MATTHEW C. HELLAND (SBN 250451)
*helland@nka.com*
NICHOLS KASTER, LLP
235 Montgomery Street, Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

PETER RUKIN (SBN 178336)
*prukin@rukinhyland.com*
RUKIN HYLAND & RIGGIN LLP
1939 Harrison Street, Suite 290
Oakland, CA 94612
Telephone: (415) 421-1800
Facsimile: (415) 421-1700

ALEXANDER HOOD (*pro hac vice* to be filed)
*alex@towardsjustice.org*
TOWARDS JUSTICE
1410 High Street, Suite 300
Denver, CO 80218
Telephone: (720) 239-2606

Attorneys for Plaintiff
Katarzyna Kudlacz



F I L E D
San Francisco County Superior Court

MAY 27 2020

CLERK OF THE COURT
BY: _____
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| KATARZYNA KUDLACZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CULTURAL CARE, INC., a Massachusetts Corporation; INTERNATIONAL CARE LIMITED, a Swiss Corporation; EF EDUCATION FIRST, INC., a Massachusetts Corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO.: CGC-20-584567<br><br>**(UNLIMITED CIVIL CASE)**<br><br>**REPRESENTATIVE ACTION COMPLAINT FOR CIVIL PENALTIES PURSUANT TO THE PRIVATE ATTORNEYS GENERAL ACT (LABOR CODE §2698, *et seq.*)**<br><br>**DEMAND FOR JURY TRIAL** |



1    Plaintiff Katarzyna Kudlacz complains against Defendants Cultural Care, Inc. ("Cultural

2    Care"), International Care Limited ("International Care"), and EF Education First, Inc. ("EF

3    Education") (referred to collectively as "Defendants") and Does 1 through 25, inclusive as

4    follows:

5

6    **INTRODUCTION**

7    1.    Plaintiff Katarzyna Kudlacz brings this action under the California Labor Code

8    Private Attorneys General Act, Labor Code § 2698, *et seq.* ("PAGA").  Through this action,

9    Plaintiff Kudlacz seek to recover civil penalties on behalf of herself and other current and former

10   au pairs for Defendants' violations of Cal. Labor Code §§ 201–204, 221, 224, 226, 226.7, 512,

11   1174, 1194, 1194.2, 1194.5, the San Francisco Minimum Wage Ordinance, the Industrial

12   Welfare Commission Minimum Wage Order, and Industrial Welfare Commission Wage Order

13   15.

14   2.    Defendants recruit, train, and employ in-home childcare workers who work in the

15   United States on J-1 au pair visas. According to the United States Department of State,

16   approximately 2800 J1 visa au pairs work in California each year. A significant portion of these

17   California au pairs are recruited, trained, placed, and employed by Defendants. Defendants are

18   all "employers" pursuant to Section 18 of the Labor Code and "employ" au pairs within the

19   meaning of the Wage Order.

20   3.    Defendants' pay practices violated numerous provisions of Wage Order 15, the

21   Minimum Wage Order, and the Labor Code. Defendants have: (1) failed to pay minimum wage

22   (Cal. Labor Code §§ 1194, 1194.2, and 1194.5; IWC Wage Order; San Francisco Minimum

23   Wage Ordinance); (2) failed to provide meal periods (Cal. Labor Code § 512); (3) failed to

24   timely pay all wages owed (Cal. Labor Code § 204); (4) failed to pay wages upon termination

25   (Cal. Labor Code §§ 201–204); (5) made illegal deduction from wages or took illegal credits

26   against minimum wage, including for housing and meals (Cal. Labor Code §§ 221 and 224;

27   Wage Order 15); (6) failed to maintain records showing hours worked, breaks taken, and value

28   of room and board provided (Cal. Labor Code §§ 226, 226.7, 512 and 1174; Wage Order 15);

2

1  and (7) failed to provide lawful wage statements (Cal. Labor Code § 226; Wage Order 15).

2      4.     Plaintiff challenges Defendants' pay practices and seeks civil penalties for

3  Defendants' violations of the California Labor Code, Minimum Wage Order and the Industrial

4  Welfare Commission Wage Order.

5

6                          **THE PARTIES**

7      5.     Plaintiff Katarzyna Kudlacz resides in the City and County of San Francisco,

8  California. She worked for Defendants as an au-pair in California from June August or

9  September of 2017 until May 2019.

10      6.     Defendant Cultural Care, Inc. is a Massachusetts Corporation doing business in

11  California. Its principal place of business is in Massachusetts.

12      7.     Defendant International Care Limited is a company incorporated in the Canton of

13  Zurich, Switzerland.

14      8.     Defendant EF Education First, Inc. is a Massachusetts Corporation with its

15  principal place of business in Massachusetts. Education First advertises Cultural Care as one of

16  its "divisions," and holds out the au pair program as one of its "programs."

17

18                  **JURISDICTION AND VENUE**

19      9.     This Court has jurisdiction over all causes of action asserted herein pursuant to

20  the California Constitution, Article VI, Section 10, which grants the Superior Court original

21  jurisdiction in all cases except those given to other trial courts.

22      10.    Plaintiff seeks damages exceeding the jurisdictional minimum of this Court.

23      11.    Venue in the County of San Francisco is proper under California Code of Civil

24  Procedure section 395.5 because the unlawful conduct at issue in this case occurred in the

25  County of San Francisco.  In addition, Defendants conducted and continue to conduct substantial

26  business in this County and their liability arose, in part, in this County.

27  //

28  //

**FACTUAL ALLEGATIONS**

12.     Defendants recruit, train, and employ in-home childcare workers who work in the United States on J-1 au pair visas. According to the United States Department of State, approximately 2800 J1 visa au pairs work in California each year. A significant portion of these California au pairs are recruited, trained, placed, and employed by Defendants.

13.     Defendant International Care acts as an employer of au pairs, including Ms. Kudlacz, by, among other things, helping applicants qualify as au pairs, organizing insurance coverage for au pairs, preparing au pairs for their work in the United States, and making travel arrangements for au pairs. Employees of International Care meet with au pair applicants while they are abroad and advise them regarding the terms and conditions of their employment including, but not limited to, the amount of the weekly stipend they will receive as an au pair.

14.     Defendant Cultural Care employs au pairs in the United States, including Ms. Kudlacz, by, among other things, training au pairs; communicating with au pairs regarding their maximum work hours, the performance of their job duties, and other terms and conditions of their employment; and maintaining the right to terminate or reassign au pairs.

15.     Defendant Education First is privately held company with over 40,000 employees and a presence in over 100 countries. Education First advertises Cultural Care as one of its "divisions," and holds out the au pair program as one of its "programs."

16.     Defendants operated as an integrated enterprise in the employment of au pairs. For example, International Care and Education First hold themselves out as "Cultural Care Au Pair" in public communications. Education First advertises that it has over 40,000 employees. On information and belief, these three companies' operations are interrelated, they work under common management, and with common ownership or financial control.

17.     Defendants are also all direct employers of au pairs, including Ms. Kudlacz, individually and acting as alter egos of one another, because each exercise control over wages, hours, and working conditions, and each engage au pairs.

18.     Defendants instruct host families to pay a weekly "stipend," which they currently

describe, to both host families and au pairs, as a weekly payment of $195.75.[1] This "stipend" is part of the annual au pair cost breakdown of $19,553.25 advertised to host families by Defendants. That $19,553.25 number includes fees paid to Defendants of $9,570 and leaves a meager $9,983.25 per year for au pairs, who work up to 45 hours per week caring for children in homes across California. On top of this systemic illegal underpayment, Defendants (1) fail to provide meal periods after five hours of work; (2) take deductions or minimum wage credits—including for meals and housing—that are contrary to California law; (3) fail to keep records of time worked, breaks taken, or meal and housing credits taken against minimum wage as required by California law; (4) fail to compensate au pairs at all for training time; and (5) fail to provide wage statements with required information about pay, deductions, and withholding.

19.     Ms. Kudlacz was one of Defendants' au pairs in California, where she worked from August or September 2017 through May 2019. Prior to starting she was told her weekly stipend would be $195.75 per week. That amount was rounded up to a flat $200 per week. She did not receive any additional overtime payments. She regularly worked in the home for 8 or more hours in a day day, regularly worked 45 hours in a week, and regularly worked on six consecutive days. Ms. Kudlacz ended her employment in May 2019, and to date has not received the additional wages she is owed.

20.     Ms. Kudlacz and other au pairs did not enter into any agreement to credit meals or lodging against Defendants' minimum wage obligations, as required by Wage Order No. 15. As such, the $200 stipend fell far below the minimum wage for 45 hours of work. To the extent Defendants seek credit for the value of any room or board without Ms. Kudlacz's agreement such credit would be any unlawful repayment of wages to the employer and/or an unlawful deduction from wages. Each $200 weekly payment failed to properly compensate Ms. Kudlacz at least the minimum wage for all hours worked that week.

21.     Although Ms. Kudlacz and other au pairs were able to eat a meal while they were

---

[1] *See, e.g.*, https://culturalcare.com/pricing/ ("You will pay your au pair directly a minimum stipend of $195.75 each week."); https://www.ef.com/ca/pg/au-pair/ ("The money you earn as an au pair is a weekly stipend of $195.75…" (quoted language appears after selecting "read more" near the top of the page)).

working, they remained on duty during those meals. Accordingly, Ms. Kudlacz and other au pairs often worked work periods of five or more hours without being relieved from duty for a meal period.

22.     Upon information and belief, Defendants did not maintain any records of hours worked, breaks taken, or the value of room and board provided for Ms. Kudlacz and other au pairs. Defendants did not provide Ms. Kudlacz and other au pairs with any wage statements whatsoever, much less a wage statement itemizing wages earned, hours worked, rates of pay, the name and address of the employer, deductions taken, net wages earned, the inclusive dates of the period, or the name of the employee.

23.     Accordingly, Ms. Kudlacz and other au pairs suffered from the systematic violations described above. Defendants' pay practices violate numerous provisions of Wage Order 15, the Minimum Wage Order and the Labor Code. Defendants have:

  1)  Failed to pay minimum wage.
  2)  Failed to provide meal periods.
  3)  Failed to timely pay all wages owed.
  4)  Failed to pay wages upon termination.
  5)  Made illegal deductions from wages, or took illegal credits against minimum wage, including for housing and meals.
  6)  Failed to maintain records showing hours worked, breaks taken, and value of room and board provided.
  7)  Failed to provide lawful wage statements.

24.     Plaintiff alleges that these violations are ongoing and continuing and that they affected and continue to affect current and former au pairs who work or have worked for Defendants in California.

## CLAIM FOR RELIEF
### CIVIL PENALTIES UNDER LABOR CODE PRIVATE ATTORNEY GENERAL ACT (PRIVATE ATTORNEYS GENERAL ACT, LABOR CODE §2698, *ET SEQ.*) (REPRESENTATIVE ACTION)

25.     The allegations of each of the preceding paragraphs are re-alleged and

1    incorporated herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of

2    herself and all other similarly situated, as described below.

3        26.    Plaintiff, as an aggrieved au pair/employee, brings this claim under California

4    Labor Code §§ §§ 2698–2699 in a representative capacity on behalf of current and former au pair

5    of Defendants subjected to the unlawful wage and hour practices alleged herein.

6        27.    The California Labor Code Private Attorneys General Act of 2004 ("PAGA"),

7    California Labor Code § 2698 et seq., grants California employees the right to bring a civil

8    action for the violation of any provision of the Labor Code on behalf of themselves and other

9    current or former employees in order to recover civil penalties. PAGA is intended to assist in the

10   achievement of maximum compliance with state labor laws by empowering aggrieved

11   employees to act as private attorneys general in order to recover civil penalties for Labor Code

12   violations that would otherwise be prosecuted by the state. *See Arias v. Super. Ct.* (2009) 46 Cal.

13   4th 969, 980.

14       28.    PAGA permits an aggrieved employee to collect the civil penalty authorized by

15   law and normally collectible by the California Labor and Workforce Development Agency. To

16   address violations for which no penalty has been established, § 2699(f) creates a private right of

17   action for aggrieved employees and a default penalty in the amount of $100 for each aggrieved

18   employee per pay period for the initial violation, and $200 for each aggrieved employee per pay

19   period for each subsequent violation. *See* Cal. Lab. Code § 2699(f). Plaintiff hereby seeks to

20   collect these civil penalties for Defendants' Labor Code violations, as described below.

21                          **Failure to Pay Minimum Wages**

22       29.    The IWC Wage Orders, California Labor Code §§ 1194 and 1197, and the San

23   Francisco Minimum Wage Ordinance require employers to pay employees at least minimum

24   wage for all hours worked.

25       30.    IWC Wage Order No. 15, § 4(A) provides that "Every employer shall pay to each

26   employee wages not less than the following: (1) Any employer who employs 26 or more

27   employees shall pay to each employee wages not less than the following: (a) Ten dollars and

28   fifty cents ($10.50) per hour for all hours worked, effective January 1, 2017; (b) Eleven dollars

($11.00) per hour for all hours worked, effective January 1, 2018; (c) Twelve dollars ($12.00)

per hour for all hours worked, effective January 1, 2019; and Thirteen dollars ($13.00) per hour

for all hours worked, effective January 1, 2020.

31.     The San Francisco Minimum Wage Ordinance, San Francisco Administrative

Code, Chapter 12R.4, provides in relevant part that "(a) Employers shall pay Employees no less

than the Minimum Wage for each hour worked within the geographic boundaries of the City. (1)

Except as provided in subsection 12R.4(b), the Minimum Wage paid to Employees shall be as

follows: (A) Beginning on May 1, 2015, the Minimum Wage shall be an hourly rate of $12.25.

(B) Beginning on July 1, 2016, the Minimum Wage shall be an hourly rate of $13.00. (C)

Beginning on July 1, 2017, the Minimum Wage shall be an hourly rate of $14.00. (D) Beginning

on July 1, 2018, the Minimum Wage shall be an hourly rate of $15.00. (E) Beginning on July 1,

2019, and each year thereafter, the Minimum Wage shall increase by an amount corresponding to

the prior year's increase, if any, in the Consumer Price Index for urban wage earners and clerical

workers for the San Francisco-Oakland-San Jose, CA metropolitan statistical area, as determined

by the Controller." The San Francisco Minimum Wage beginning on July 1, 2019 was $15.59.

32.     Labor Code § 1197.1 provides in relevant part that: (a) Any employer or other

person acting either individually or as an officer, agent, or employee of another person, who pays

or causes to be paid to any employee a wage less than the minimum fixed by an applicable state

or local law, or by an order of the commission, shall be subject to a civil penalty, restitution of

wages, liquidated damages payable to the employee, and any applicable penalties imposed

pursuant to Section 203 as follows:

> (1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.

> (2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.

33.     Defendants have paid and caused Plaintiff and other au pairs to be paid less than less than the Minimum Wage for each hour worked.

34.     Under California Labor Code § 1197.1, Plaintiff seeks to recover a civil penalty of one hundred dollars ($100) for Plaintiff and each underpaid employee per pay period for the initial violation, and two hundred fifty dollars ($250) for Plaintiff and each underpaid employee for each subsequent violation.

## **Timely Pay Violations**

35.     Labor Code § 201 provides in relevant part that an employer is required to pay an employee who is terminated all accrued wages and compensation at the time of termination.

36.     Labor Code § 202 provides in relevant part that an employer is required to pay an employee who quits employment all accrued wages not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

37.     Labor Code § 203 provides in relevant part that if an employer willfully fails to pay compensation promptly upon discharge, as required by § 201, then the employer is liable for waiting time penalties equivalent to the equivalent to the employee's daily wage, for a maximum of 30 days.

38.     Labor Code § 204(a) provides as follows: "All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month. However, salaries of executive, administrative, and professional employees of employers covered by the Fair Labor Standards Act, as set forth pursuant to Section 13(a)(1) of the Fair Labor Standards Act, as amended through March 1, 1969, in Part 541 of Title 29 of the Code of Federal Regulations, as

1    that part now reads or may be amended to read at any time hereafter, may be paid once a month

2    on or before the 26th day of the month during which the labor was performed if the entire

3    month's salaries, including the unearned portion between the date of payment and the last day of

4    the month, are paid at that time."

5          39.    Labor Code § 204(b)(1) provides as follows: Notwithstanding any other provision

6    of this section, all wages earned for labor in excess of the normal work period shall be paid no

7    later than the payday for the next regular payroll period.

8          40.    Labor Code § 210(a) provides: "In addition to, and entirely independent and apart

9    from, any other penalty provided in this article, every person who fails to pay the wages of each

10    employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 204.11, 205, 205.5, and

11    1197.5, shall be subject to a penalty as follows: (1) For any initial violation, one hundred dollars

12    ($100) for each failure to pay each employee. (2) For each subsequent violation, or any willful or

13    intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25

14    percent of the amount unlawfully withheld. (b) The penalty shall either be recovered by the

15    employee as a statutory penalty pursuant to Section 98 or by the Labor Commissioner as a civil

16    penalty through the issuance of a citation or pursuant to Section 98.3. The procedures for issuing,

17    contesting, and enforcing judgments for citations issued by the Labor Commissioner under this

18    section shall be the same as those set forth in subdivisions (b) through (k), inclusive, of Section

19    1197.1.

20          41.    Labor Code § 2699(f) provides: For all provisions of this code except those for

21    which a civil penalty is specifically provided, there is established a civil penalty for a violation of

22    these provisions, as follows: (1) If, at the time of the alleged violation, the person does not

23    employ one or more employees, the civil penalty is five hundred dollars ($500). (2) If, at the

24    time of the alleged violation, the person employs one or more employees, the civil penalty is one

25    hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and

26    two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent

27    violation.

28          42.    The weekly stipend Plaintiff and other au pairs received failed to compensate

1   them at least the minimum wage for all hours worked. Accordingly, Defendants failed to timely

2   pay Plaintiff and other aggrieved employees their wages due within the intervals required by

3   Labor Code Section 204.

4        43.    Upon resignation or termination, employees were not paid all wages due within

5   the statutory time period. Defendants willfully failed and refused to pay timely compensation and

6   wages for, among other things, unpaid minimum, regular, and overtime wages.

7        44.    Under California Labor Code §§ 210 and 2699, Plaintiff seeks to recover a civil

8   penalty of one hundred dollars ($100) for Plaintiff and each underpaid employee for the initial

9   violation, and two hundred dollars ($200) for Plaintiff and each underpaid employee for each

10  subsequent violation, for every pay period in which late payment occurred.

11       45.    Under California Labor Code § 2699(f)(2), Plaintiff seeks a civil penalty of one

12  hundred dollars ($100) for each aggrieved employee per pay period for the initial violation of

13  Labor Code §§ 201 and 203 for Defendants' failure to pay earned wages upon discharge, and

14  two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent

15  violation of Labor Code §§ 201 and 203.

16

17                                                **Unlawful Deductions and Credits**

18       46.    Labor Code § 221 makes it unlawful for an employer to collect or receive from an

19  employee any part of wages paid to the employee.

20       47.    Labor Code § 224 prohibits any deduction from an employee's wages which is

21  not either authorized by the employee in writing or permitted by law.

22       48.    IWC Wage Order No. 15, § 10(C), provides, in relevant part, that "Meals or

23  lodging may not be credited against the minimum wage without a voluntary written agreement

24  between the employer and the employee."

25       49.    Defendants had no voluntary written agreement with Plaintiff or other au pairs to

26  credit meals and housing against Defendants' minimum wage obligations.

27       50.    Defendants' policy and practice of taking a credit against minimum wage

28  obligations for housing and meals violates Section 221, 224, and IWC Wage Order No. 15.

51.     Labor Code § 225.5 provides that, "In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who unlawfully withholds wages due any employee in violation of Section 212, 216, 221, 222, or 223 shall be subject to a civil penalty as follows: (a) For any initial violation, one hundred dollars ($100) for each failure to pay each employee. (b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld. The penalty shall be recovered by the Labor Commissioner as part of a hearing held to recover unpaid wages and penalties or in an independent civil action. The action shall be brought in the name of the people of the State of California and the Labor Commissioner and attorneys thereof may proceed and act for and on behalf of the people in bringing the action. Twelve and one-half percent of the penalty recovered shall be paid into a fund within the Labor and Workforce Development Agency dedicated to educating employers about state labor laws, and the remainder shall be paid into the State Treasury to the credit of the General Fund."

52.     Similarly, Labor Code § 2699(f)(2) provides for a civil penalty of one hundred dollars ($100) for Plaintiff and each aggrieved employee per pay period for the initial violation of Labor Code §§ 221 and 224.

53.     Accordingly, Plaintiff seeks to recover civil penalties as set forth above for Defendants' violations of Labor Code §§ 221 and 224.

**Failure to Provide Meal Breaks**

54.     Cal. Labor Code § 512 provides, in pertinent part, as follows: An employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes," and "[a]n employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes."

55.     Cal. Labor Code § 226.7 states in part, "An employer shall not require an employee to work during any meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission."

12

56. Defendants failed to provide Plaintiff and other au pairs with bona fide meal breaks when they were completely relieved from duty, because Plaintiff and other au pairs remained responsible for the care of the children while they ate their meals.

57. By failing to provide Plaintiff and other au pairs with these meal periods, Defendants violated California Labor Code §§ 512 and 226.7.

58. Under California Labor Code §2699(f)(2), Plaintiff seeks to recover a civil penalty of one hundred dollars ($100) for Plaintiff and each aggrieved employee per pay period for the initial violation of Labor Code §§ 226.7 and 512 for failing to provide meal periods, and two hundred dollars ($200) for Plaintiff and each aggrieved employee per pay period for each subsequent violation of Labor Code §§ 226.7 and 512 for failing to provide meal periods.

### Wage Statement Violations

59. Pursuant to Labor Code § 226(a) and Wage Order No. 15, § 7, Defendants are required to provide—semimonthly or at the time of each payment of wages—itemized written statements containing all information described in § 226 and IWC Wage Order No. 15, including, but not limited to, the total hours worked by the employee.

60. Defendants failed to comply with the Labor Code by knowingly and intentionally failing to provide Plaintiff and aggrieved employees with accurate written statements showing their actual and total hours worked.

61. Under California Labor Code § 226.3 which provides for civil penalties for violations of California Labor Code § 226(a), Plaintiff seeks a civil penalty of two hundred fifty dollars ($250) for Plaintiff and each aggrieved employee per violation for the initial violation, and one thousand dollars ($1,000) for Plaintiff and each aggrieved employee per violation for each subsequent violation of Labor Code § 226(a) for failure to provide timely, accurate, itemized wage statements.

### Recordkeeping Violations

62. Pursuant Wage Order No. 15, § 7, Defendants are required to keep accurate

13

1    information with respect to each employee, including the following:  the total hours worked by

2    the employee, meal periods, total wages paid each payroll period, including value of board,

3    lodging, or other compensation actually furnished to the employee.

4         63.    Labor Code § 1174.5 provides that "Any person employing labor who willfully

5    fails to maintain the records required by subdivision (c) of Section 1174 or accurate and

6    complete records required by subdivision (d) of Section 1174, or to allow any member of the

7    commission or employees of the division to inspect records pursuant to subdivision (b) of

8    Section 1174 , shall be subject to a civil penalty of five hundred dollars ($500).

9         64.    Defendants have failed to comply with the Labor Code by knowingly and

10   intentionally failing to provide Plaintiff and other au pairs with accurate written statements

11   showing their actual and total hours worked, breaks taken, and value of room and board

12   provided. In fact, Defendants neither maintains records of the hours the worked by its workers,

13   nor does it remit any semimonthly, itemized statement of hours worked and wages earned.

14   Plaintiff seeks a civil penalty of $500 for this violation.

15

16                              **Attorneys' Fees**

17        65.    California Labor Code § 2699(g) further provides that any employee who prevails

18   in an action for civil penalties is entitled to an award of reasonable attorneys' fees and costs.

19   Plaintiff hereby seeks to recover his attorneys' fees and costs under this fee and cost shifting

20   statute.

21

22                               **Exhaustion**

23        66.    On March 20, 2020, pursuant to California Labor Code § 2699.3, Plaintiff sent

24   notice by certified mail to the Labor and Workforce Development Agency (LWDA) and

25   Defendants of the specific provisions of the Labor Code that have been violated, including the

26   facts and theories to support the violations. The LWDA received this notice on the same day,

27   March 20, 2020. *See* Letter from Nichols Kaster, LLP to the LWDA and Defendants attached

28   hereto as Exhibit A. The sixty-five-day time limit for the agency to respond has expired, such

that Plaintiff has exhausted his administrative remedies.

## PRAYER FOR RELIEF

Based on the above allegations, Plaintiff respectfully requests entry of judgment on behalf of herself and other current and former employees against Defendants, as follows:

1. For civil penalties under Labor Code § 2699 in an amount according to proof;

2. For prejudgment interest and post-judgment interest as allowed by law;

3. For attorneys' fees and costs, as authorized under Labor Code § 2699(g)(1);

4. For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demands a trial by jury.

Dated: May 27, 2020

RUKIN HYLAND & RIGGIN LLP

By:_____
PETER RUKIN

PETER RUKIN
RUKIN HYLAND & RIGGIN LLP
1939 Harrison Street, Suite 290
Oakland, CA 94612

MATTHEW C. HELLAND
NICHOLS KASTER, LLP
235 Montgomery Street, Suite 810
San Francisco, CA 94104

ALEXANDER HOOD
TOWARDS JUSTICE
1410 High Street, Suite 300
Denver, CO 80218

Attorneys for Plaintiff

Complaint for Penalties

# EXHIBIT A



**Nichols Kaster**
ATTORNEYS AT LAW

**Matthew C. Helland**
Direct: (415) 277-7239
Fax: (415) 277-7238
helland@nka.com

235 Montgomery Street
Suite 810
San Francisco, CA 94104
(877) 777-0622

March 20, 2020

**VIA ELECTRONIC FILING:**

Labor and Workforce Development Agency
Attn: PAGA Administrator
1515 Clay Street, Suite 801
Oakland, CA 94612

**VIA CERTIFIED MAIL:**

Cultural Care, Inc.
International Care Ltd
One Education St.
Cambridge, MA 02141

EF Education First, Inc.
Two Education Circle
Cambridge, MA 02141

**VIA REGISTERED MAIL:**

International Care Ltd
Selnaustrasse 30
8001 Zürich
Switzerland

> **RE:** ***PAGA Claims against Cultural Care, International Care, and EF Education
> First***

Dear PAGA Administrator:

Pursuant to the Private Attorneys General Act of 2004 ("PAGA"), California Labor Code
Sections 2698, *et seq.*, this letter is sent on behalf of Katarzyna Kudlacz and on behalf of
similarly situated individuals working as J-1 visa au pairs for Cultural Care, Inc., International
Care Ltd, and EF Education First, Inc. (collectively, "Defendants"). Ms. Kudlacz is represented
by the undersigned, the law firm of Rukin Hyland & Riggin LLP, and the non-profit law firm
Towards Justice.

Defendants recruit, train, and employ in-home childcare workers who work in the United
States on J-1 au pair visas. According to the United States Department of State, approximately
2800 J1 visa au pairs work in California each year. A significant portion of these California au

pairs are recruited, trained, placed, and employed by Defendants. Defendants are all "employers" pursuant to Section 18 of the Labor Code and "employ" au pairs within the meaning of the Wage Order.

Defendant International Care Ltd. ("International Care") is a company incorporated in the Canton of Zurich, Switzerland. It acts as an employer of au pairs, including Ms. Kudlacz, by, among other things, helping applicants qualify as au pairs, organizing insurance coverage for au pairs, preparing au pairs for their work in the United States, and making travel arrangements for au pairs. Employees of International Care meet with au pair applicants while they are abroad and advise them regarding the terms and conditions of their employment including, but not limited to, the amount of the weekly stipend they will receive as an au pair.

Defendant Cultural Care, Inc. ("Cultural Care") is a Massachusetts corporation doing business in California. It employs au pairs in the United States, including Ms. Kudlacz, by, among other things, training au pairs; communicating with au pairs regarding their maximum work hours, the performance of their job duties, and other terms and conditions of their employment; and maintaining the right to terminate or reassign au pairs.

Defendant EF Education First, Inc. ("Education First") is privately held company with over 40,000 employees and a presence in over 100 countries. Education First advertises Cultural Care as one of its "divisions," and holds out the au pair program as one of its "programs."

Defendants International Care, Cultural Care, and Education First operated as an integrated enterprise in employment au pairs. For example, International Care and Education First hold themselves out as "Cultural Care Au Pair" in public communications. Education First advertises that it has over 40,000 employees. On information and belief, these three companies' operations are interrelated, they work under common management, and with common ownership or financial control.

Defendants International Care, Cultural Care, and Education First are also all direct employers of au pairs, including Ms. Kudlacz, individually and acting as *alter egos* of one another, because each exercise control over wages, hours, and working conditions, and each engage au pairs.

Defendants instruct host families to pay a weekly "stipend," which they currently describe, to both host families and au pairs, as a weekly payment of $195.75. [1] This "stipend" is part of the annual au pair cost breakdown of $19,553.25 advertised to host families by Defendants. That $19,553.25 number includes fees paid to Defendants of $9,570 and leaves a meager $9,983.25 per year for au pairs, who work 45 hours per week caring for children in homes across California. On top of this systemic illegal underpayment, Defendants (1) fail to pay overtime for hours worked in excess of 5 days in a work week; (2) take deductions or minimum wage credits— including for meals and housing—that are contrary to California law; (3) fail to

---

[1] *See, e.g.,* https://culturalcare.com/pricing/ ("You will pay your au pair directly a minimum stipend of $195.75 each week."); https://www.ef.com/ca/pg/au-pair/ ("The money you earn as an au pair is a weekly stipend of $195.75..." (quoted language appears after selecting "read more" near the top of the page)).

keep records of time worked, breaks taken, or meal and housing credits taken against minimum wage as required by California law; (4) fail to compensate au pairs at all for training time; and (5) fail to provide wage statements with required information about pay, deductions, and withholding.

Ms. Kudlacz was one of Defendants' au pairs in California, where she worked in 2018 and through May 2019. Prior to starting she was told her weekly stipend would be $195.75 per week. That amount was rounded up to a flat $200 per week. She did not receive any additional overtime payments. She regularly worked in the home for 9 hours in a day, regularly worked 45 hours in a week, and regularly worked on six consecutive days. Ms. Kudlacz ended her employment in May 2019, and to date has not received the additional wages she is owed.

Ms. Kudlacz did not enter into any agreement to credit meals or lodging against Defendants' minimum wage obligations, as required by Wage Order No. 15. As such, the $200 stipend fell far below the minimum wage for 45 hours of work. To the extent Defendants seek credit for the value of any room or board without Ms. Kudlacz's agreement such credit would be any unlawful repayment of wages to the employer and/or an unlawful deduction from wages. Upon information and belief, Defendants did not maintain any records of Ms. Kudlacz's hours worked, breaks taken, or the value of room and board provided. Defendants did not provide Ms. Kudlacz with any wage statements whatsoever, much less a wage statement itemizing wages earned, hours worked, rates of pay, the name and address of the employer, deductions taken, net wages earned, the inclusive dates of the period, or the name of the employee.

Accordingly, Ms. Kudlacz suffered from the systematic violations described above. Defendants' pay practices violate numerous provisions of Wage Order 15, the Minimum Wage Order, and the Labor Code. Defendants have:

(1) Failed to pay minimum wage.[2]
(2) Failed to timely pay all wages owed.[3]
(3) Failed to pay wages upon termination.[4]
(4) Made illegal deductions from wages, or took illegal credits against minimum wage, including for housing and meals.[5]
(5) Failed to maintain records showing hours worked, breaks taken, and value of room and board provided.[6]
(6) Failed to provide lawful wage statements.[7]

Plaintiff alleges that these violations are ongoing and continuing and that they affected and continue to affect current and former au pairs who work or have worked for Defendants in California at any time on or after the date that is one year prior to the filing of this letter.

---

[2] Labor Code Sections 1194, 1194.2, and 1194.5; Minimum Wage Order.
[3] Labor Code Section 204.
[4] Labor Code Sections 201 and 203.
[5] Labor Code Sections 221 and 224; Wage Order 15.
[6] Labor Code Sections 226, 226.7, 512 and 1174; Wage Order 15.
[7] Labor Code Section 226; Wage Order 15.

*PAGA Administrator*
*Labor and Workforce Development Agency*
*March 19, 2020*
*Page 4*

On behalf of our client and similarly aggrieved former and current au pairs employed by Defendants, we request that the LWDA investigate the alleged violations, or provide timely notice to the undersigned if it chooses not to investigate the allegations. By copy of this letter, notice is being provided to Defendants at their corporate offices. Defendants are hereby notified of our client's intent to seek PAGA penalties in the event the LWDA declines to do so.

Please consider this letter as the notice required by California Labor Code § 2699.3.

Thank you for your attention to this matter.

Sincerely,

Matthew Helland, Esq.
**Nichols Kaster, LLP**

cc:    Alexander Hood, Esq., Towards Justice
       Peter Rukin, Esq., Rukin Hyland & Riggin LLP

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Peter Rukin (178336)<br>RUKIN HYLAND & RIGGIN LLP<br>1939 Harrison Street, Ste. 290, Oakland, California, 94612<br><br>TELEPHONE NO.: (415) 421-1800   FAX NO. (Optional): (415) 421-1700<br>ATTORNEY FOR (Name): Plaintiff Katarzyna Kudlacz | **F I L E D**<br>San Francisco County Superior Court<br><br>MAY 27 2020<br><br>CLERK OF THE COURT<br>_Cma_<br>BY: _____<br>Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco |
|---|
| STREET ADDRESS: 400 McAllister St. |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: San Francisco, CA 94102 |
| BRANCH NAME: Civic Center Courthouse |

| CASE NAME: Katarzyna Kudlacz, Individually and on behalf of all others similarly situated, v. Cultural Care, Inc., a Massachusetts Corporation; International Care Limited, a Swiss Corporation; EF Education First, Inc., a Massachusetts Corporation; and DOES 1 through 25 inclusive, |
|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **CGC - 20 - 584567** |
| | | | JUDGE: |
| | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action (specify): One
5. This case [ ] is   [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 27, 2020

Peter Rukin
_____         ▶ _____
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

FAXED

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

---

For your protection and privacy, please press the Clear
This Form button after you have printed the form.            [ Print this form ]   [ Save this form ]            [ Clear this form ]

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CULTURAL CARE, INC., a Massachusetts Corporation;
INTERNATIONAL CARE LIMITED, a Swiss Corporation;
EF EDUCATION FIRST, INC., a Massachusetts
Corporation; and DOES 1 through 25 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KATARZYNA KUDLACZ, individually and on behalf of all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* | CGC-20-584567 |

The Superior Court of California, County of San Francisco
400 McAllister St., San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Peter Rukin, RUKIN HYLAND & RIGGIN LLP, 1939 Harrison Street, Suite 290, Oakland, CA 94612; (415) 421-1800

| DATE: | | Clerk, by | | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | MAY 27 2020 | *(Secretario)* | ANNA TORRES / CLERK OF THE COURT | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

ORIGINAL   FAXED

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form    Save this form    Clear this form