# EXHIBIT G

MATTHEW C. HELLAND (SBN 250451)
*helland@nka.com*
NICHOLS KASTER, LLP
235 Montgomery Street, Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

PETER RUKIN (SBN 178336)
*prukin@rukinhyland.com*
RUKIN HYLAND & RIGGIN LLP
1939 Harrison Street, Suite 290
Oakland, CA 94612
Telephone: (415) 421-1800
Facsimile: (415) 421-1700

ALEXANDER HOOD (*pro hac vice* to be filed)
*alex@towardsjustice.org*
TOWARDS JUSTICE
1410 High Street, Suite 300
Denver, CO 80218
Telephone: (720) 239-2606

Attorneys for Plaintiffs
Katarzyna Kudlacz

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

| | |
|---|---|
| KATARZYNA KUDLACZ andNATALIA BIEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CULTURAL CARE, INC., a Massachusetts Corporation; INTERNATIONAL CARE LIMITED, a Swiss Corporation; and DOES 1 through 25 inclusive,<br><br>Defendants. | **CASE NO.: CGC-20-584567**<br><br>**(UNLIMITED CIVIL CASE)**<br><br>**FIRST AMENDED REPRESENTATIVE ACTION COMPLAINT FOR CIVIL PENALTIES PURSUANT TO THE PRIVATE ATTORNEYS GENERAL ACT (LABOR CODE §2698, *et seq.*)**<br><br>**DEMAND FOR JURY TRIAL** |

1    Plaintiffs Katarzyna Kudlacz and Natalia Bien complain against Defendants Cultural
2    Care, Inc. ("Cultural Care"), International Care Limited ("International Care")(referred to
3    collectively as "Defendants") and Does 1 through 25, inclusive as follows:

### INTRODUCTION

4
5    1.    Plaintiffs Katarzyna Kudlacz and Natalia Bien brings this action under the
6    California Labor Code Private Attorneys General Act, Labor Code § 2698, *et seq.* ("PAGA").
7    Through this action, Plaintiffs Kudlacz and Bien seek to recover civil penalties on behalf of
8    themselves and other current and former au pairs for Defendants' violations of Cal. Labor Code
9    §§ 201–204, 221, 224, 226, 226.7, 510, 512, 1174, 1194, 1194.2, 1194.5, the San Francisco
10   Minimum Wage Ordinance, the Industrial Welfare Commission Minimum Wage Order, and
11   Industrial Welfare Commission Wage Order 15.

12   2.    Defendants recruit, train, and employ in-home childcare workers who work in the
13   United States on J-1 au pair visas. According to the United States Department of State,
14   approximately 2800 J1 visa au pairs work in California each year. A significant portion of these
15   California au pairs are recruited, trained, placed, and employed by Defendants. Defendants are
16   all "employers" pursuant to Section 18 of the Labor Code and "employ" au pairs within the
17   meaning of the Wage Order.

18   3.    Defendants' pay practices violated numerous provisions of Wage Order 15, the
19   Minimum Wage Order, and the Labor Code. Defendants have: (1) failed to pay minimum wage
20   (Cal. Labor Code §§ 1194, 1194.2, and 1194.5; IWC Wage Order; San Francisco Minimum
21   Wage Ordinance); (2) failed to provide meal periods (Cal. Labor Code § 512); (3) failed to
22   timely pay all wages owed (Cal. Labor Code § 204); (4) failed to pay wages upon termination
23   (Cal. Labor Code §§ 201–204); (5) made illegal deduction from wages or took illegal credits
24   against minimum wage, including for housing and meals (Cal. Labor Code §§ 221 and 224;
25   Wage Order 15); (6) failed to maintain records showing hours worked, breaks taken, and value
26   of room and board provided (Cal. Labor Code §§ 226, 226.7, 512 and 1174; Wage Order 15); (7)
27   failed to provide lawful wage statements (Cal. Labor Code § 226; Wage Order 15); and (8) failed
28   to pay overtime pay (Cal. Labor Code §§ 510 and 1194; IWC Wage Order 15).

4. Plaintiffs challenge Defendants' pay practices and seek civil penalties for Defendants' violations of the California Labor Code, Minimum Wage Order and the Industrial Welfare Commission Wage Order.

## THE PARTIES

5. Plaintiff Katarzyna Kudlacz resides in the City and County of San Francisco, California. She worked for Defendants as an au-pair in California from June August or September of 2017 until May 2019.

6. Plaintiff Natalia Bien resides in the City and County of San Francisco, California. She worked for Defendants as an au-pair in California from November 2017 to November 2019.

7. Defendant Cultural Care, Inc. is a Massachusetts Corporation doing business in California. Its principal place of business is in Massachusetts.

8. Defendant International Care Limited is a company incorporated in the Canton of Zurich, Switzerland.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over all causes of action asserted herein pursuant to the California Constitution, Article VI, Section 10, which grants the Superior Court original jurisdiction in all cases except those given to other trial courts.

10. Plaintiffs seek damages exceeding the jurisdictional minimum of this Court.

11. Venue in the County of San Francisco is proper under California Code of Civil Procedure section 395.5 because the unlawful conduct at issue in this case occurred in the County of San Francisco. In addition, Defendants conducted and continue to conduct substantial business in this County and their liability arose, in part, in this County.

## FACTUAL ALLEGATIONS

12. Defendants recruit, train, and employ in-home childcare workers who work in the United States on J-1 au pair visas. According to the United States Department of State, approximately 2800 J1 visa au pairs work in California each year. A significant portion of these California au pairs are recruited, trained, placed, and employed by Defendants.

13. Defendant International Care acts as an employer of au pairs, including Ms.

Kudlacz and Ms. Bien, by, among other things, helping applicants qualify as au pairs, organizing insurance coverage for au pairs, preparing au pairs for their work in the United States, and making travel arrangements for au pairs. Employees of International Care meet with au pair applicants while they are abroad and advise them regarding the terms and conditions of their employment including, but not limited to, the amount of the weekly stipend they will receive as an au pair.

14. Defendant Cultural Care employs au pairs in the United States, including Ms. Kudlacz and Ms. Bien, by, among other things, training au pairs; communicating with au pairs regarding their maximum work hours, the performance of their job duties, and other terms and conditions of their employment; and maintaining the right to terminate or reassign au pairs.

15. Defendants operated as an integrated enterprise in the employment of au pairs. For example, International Care holds itself out as "Cultural Care Au Pair" in public communications. On information and belief, Defendants' operations are interrelated, they work under common management, and with common ownership or financial control.

16. Defendants are also direct employers of au pairs, including Ms. Kudlacz and Ms. Bien, individually and acting as alter egos of one another, because each exercise control over wages, hours, and working conditions, and each engage au pairs.

17. Defendants instruct host families to pay a weekly "stipend," which they currently describe, to both host families and au pairs, as a weekly payment of $195.75.[1] This "stipend" is part of the annual au pair cost breakdown of $19,553.25 advertised to host families by Defendants. That $19,553.25 number includes fees paid to Defendants of $9,570 and leaves a meager $9,983.25 per year for au pairs, who work up to 45 hours per week caring for children in homes across California. On top of this systemic illegal underpayment, Defendants (1) fail to provide meal periods after five hours of work; (2) take deductions or minimum wage credits—including for meals and housing—that are contrary to California law; (3) fail to keep records of

---

[1] *See, e.g.*, https://culturalcare.com/pricing/ ("You will pay your au pair directly a minimum stipend of $195.75 each week."); https://www.ef.com/ca/pg/au-pair/ ("The money you earn as an au pair is a weekly stipend of $195.75…" (quoted language appears after selecting "read more" near the top of the page)).

time worked, breaks taken, or meal and housing credits taken against minimum wage as required by California law; (4) fail to compensate au pairs at all for training time; (5) fail to provide wage statements with required information about pay, deductions, and withholding and (6) fail to pay the requisite overtime wages.

18. Ms. Kudlacz was one of Defendants' au pairs in California, where she worked from August or September 2017 through May 2019. Prior to starting she was told her weekly stipend would be $195.75 per week. That amount was rounded up to a flat $200 per week. She did not receive any additional overtime payments. She regularly worked in the home for 8 or more hours in a day , regularly worked 45 hours in a week, and regularly worked on six consecutive days. Ms. Kudlacz ended her employment in May 2019, and to date has not received the additional wages she is owed.

19. Ms. Bien was also one of Defendants' au pairs in California, where she worked from November 2017 through November 2019. Prior to starting she was told her weekly stipend would be $195.75 and for the first year, from 2017 to 2018, she received $195.75. When she began with a new family that amount was rounded up to $200.00 per week.  She did not receive any additional overtime payments. She regularly worked in the home for 9 hours in a day and regularly worked 45 hours in a week. She sometimes worked over 9 hours in a day.

20. Ms. Kudlacz, Ms. Bien and other au pairs did not enter into any agreement to credit meals or lodging against Defendants' minimum wage obligations, as required by Wage Order No. 15. As such, the $195.75 and $200 stipend fell far below the minimum wage for 45 hours of work. To the extent Defendants seek credit for the value of any room or board without Plaintiffs' agreement such credit would be an unlawful repayment of wages to the employer and/or an unlawful deduction from wages. Each weekly payment failed to properly compensate Plaintiffs at least the minimum wage for all hours worked that week.

21. Although Plaintiffs and other au pairs were able to eat a meal while they were working, they remained on duty during those meals. Accordingly, Plaintiffs and other au pairs often worked work periods of five or more hours without being relieved from duty for a meal period.

22. Upon information and belief, Defendants did not maintain any records of hours worked, breaks taken, or the value of room and board provided for Ms. Kudlacz, Ms. Bien and other au pairs. Defendants did not provide Ms. Kudlacz, Ms. Bien, and other au pairs with any wage statements whatsoever, much less a wage statement itemizing wages earned, hours worked, rates of pay, the name and address of the employer, deductions taken, net wages earned, the inclusive dates of the period, or the name of the employee.

23. Accordingly, Ms. Kudlacz, Ms. Bien, and other au pairs suffered from the systematic violations described above. Defendants' pay practices violate numerous provisions of Wage Order 15, the Minimum Wage Order and the Labor Code. Defendants have:

1) Failed to pay minimum wage.
2) Failed to provide meal periods.
3) Failed to timely pay all wages owed.
4) Failed to pay wages upon termination.
5) Made illegal deductions from wages, or took illegal credits against minimum wage, including for housing and meals.
6) Failed to maintain records showing hours worked, breaks taken, and value of room and board provided.
7) Failed to provide lawful wage statements.
8) Failed to pay overtime pay.

24. Plaintiffs allege that these violations are ongoing and continuing and that they affected and continue to affect current and former au pairs who work or have worked for Defendants in California.

**CLAIM FOR RELIEF**
**CIVIL PENALTIES UNDER LABOR CODE PRIVATE ATTORNEY GENERAL ACT**
**(PRIVATE ATTORNEYS GENERAL ACT, LABOR CODE §2698, *ET SEQ*.)**
**(REPRESENTATIVE ACTION)**

25. The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference, and Plaintiffs allege as follows a claim of relief on behalf of themselves and all other similarly situated, as described below.

26. Plaintiffs, as aggrieved au pairs/employees, bring this claim under California Labor Code §§ §§ 2698–2699 in a representative capacity on behalf of current and former au pairs of Defendants subjected to the unlawful wage and hour practices alleged herein.

27. The California Labor Code Private Attorneys General Act of 2004 ("PAGA"), California Labor Code § 2698 et seq., grants California employees the right to bring a civil action for the violation of any provision of the Labor Code on behalf of themselves and other current or former employees in order to recover civil penalties. PAGA is intended to assist in the achievement of maximum compliance with state labor laws by empowering aggrieved employees to act as private attorneys general in order to recover civil penalties for Labor Code violations that would otherwise be prosecuted by the state. *See Arias v. Super. Ct.* (2009) 46 Cal. 4th 969, 980.

28. PAGA permits an aggrieved employee to collect the civil penalty authorized by law and normally collectible by the California Labor and Workforce Development Agency. To address violations for which no penalty has been established, § 2699(f) creates a private right of action for aggrieved employees and a default penalty in the amount of $100 for each aggrieved employee per pay period for the initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation. *See* Cal. Lab. Code § 2699(f). Plaintiffs hereby seek to collect these civil penalties for Defendants' Labor Code violations, as described below.

**Failure to Pay Minimum Wages**

29. The IWC Wage Orders, California Labor Code §§ 1194 and 1197, and the San Francisco Minimum Wage Ordinance require employers to pay employees at least minimum wage for all hours worked.

30. IWC Wage Order No. 15, § 4(A) provides that "Every employer shall pay to each employee wages not less than the following: (1) Any employer who employs 26 or more employees shall pay to each employee wages not less than the following: (a) Ten dollars and fifty cents ($10.50) per hour for all hours worked, effective January 1, 2017; (b) Eleven dollars ($11.00) per hour for all hours worked, effective January 1, 2018; (c) Twelve dollars ($12.00) per hour for all hours worked, effective January 1, 2019; and Thirteen dollars ($13.00) per hour

1 for all hours worked, effective January 1, 2020.

2   31.  The San Francisco Minimum Wage Ordinance, San Francisco Administrative Code, Chapter 12R.4, provides in relevant part that "(a) Employers shall pay Employees no less than the Minimum Wage for each hour worked within the geographic boundaries of the City. (1) Except as provided in subsection 12R.4(b), the Minimum Wage paid to Employees shall be as follows: (A) Beginning on May 1, 2015, the Minimum Wage shall be an hourly rate of $12.25. (B) Beginning on July 1, 2016, the Minimum Wage shall be an hourly rate of $13.00. (C) Beginning on July 1, 2017, the Minimum Wage shall be an hourly rate of $14.00. (D) Beginning on July 1, 2018, the Minimum Wage shall be an hourly rate of $15.00. (E) Beginning on July 1, 2019, and each year thereafter, the Minimum Wage shall increase by an amount corresponding to the prior year's increase, if any, in the Consumer Price Index for urban wage earners and clerical workers for the San Francisco-Oakland-San Jose, CA metropolitan statistical area, as determined by the Controller." The San Francisco Minimum Wage beginning on July 1, 2019 was $15.59.

32.  Labor Code § 1197.1 provides in relevant part that: (a) Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission, shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 as follows:

> (1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.
>
> (2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.

33.  Defendants have paid and caused Plaintiffs and other au pairs to be paid less than less than the Minimum Wage for each hour worked.

34. Under California Labor Code § 1197.1, Plaintiffs seek to recover a civil penalty of one hundred dollars ($100) for Plaintiffs and each underpaid employee per pay period for the initial violation, and two hundred fifty dollars ($250) for Plaintiffs and each underpaid employee for each subsequent violation.

**Failure to Pay Overtime Pay**

35. The California Labor Code §§ 510, 1194, and 1197 require employers pay employees overtime compensation to non-exempt employees.

36. California Labor Code § 1454 entitles domestic workers who are also personal attendants to overtime pay at a rate of one and one-half times the regular rate of pay for all hours worked over 9 hours in any workday or 45 hours in any workweek.

37. By the course and conduct set forth above, Defendants violated Cal. Labor Code §§ 510,1194, and 1454 by failing to pay overtime pay to Plaintiffs and other au pairs when they worked in excess of 9 hours in a day or 45 hours in a week.

38. Labor Code § 2699(f) provides: For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: (1) If, at the time of the alleged violation, the person does not employ one or more employees, the civil penalty is five hundred dollars ($500). (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

39. Under California Labor Code § 2699(f), Plaintiffs seek to recover a civil penalty of one hundred dollars ($100) for Plaintiffs and each underpaid employee per pay period for the initial violation, and two hundred fifty dollars ($250) for Plaintiffs and each underpaid employee for each subsequent violation.

**Timely Pay Violations**

40. Labor Code § 201 provides in relevant part that an employer is required to pay an employee who is terminated all accrued wages and compensation at the time of termination.

1    41.    Labor Code § 202 provides in relevant part that an employer is required to pay an employee who quits employment all accrued wages not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

42.    Labor Code § 203 provides in relevant part that if an employer willfully fails to pay compensation promptly upon discharge, as required by § 201, then the employer is liable for waiting time penalties equivalent to the equivalent to the employee's daily wage, for a maximum of 30 days.

43.    Labor Code § 204(a) provides as follows: "All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month. However, salaries of executive, administrative, and professional employees of employers covered by the Fair Labor Standards Act, as set forth pursuant to Section 13(a)(1) of the Fair Labor Standards Act, as amended through March 1, 1969, in Part 541 of Title 29 of the Code of Federal Regulations, as that part now reads or may be amended to read at any time hereafter, may be paid once a month on or before the 26th day of the month during which the labor was performed if the entire month's salaries, including the unearned portion between the date of payment and the last day of the month, are paid at that time."

44.    Labor Code § 204(b)(1) provides as follows: Notwithstanding any other provision of this section, all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

45.    Labor Code § 210(a) provides: "In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 204.11, 205, 205.5, and

10
First Amended Complaint for Penalties

1197.5, shall be subject to a penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee. (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld. (b) The penalty shall either be recovered by the employee as a statutory penalty pursuant to Section 98 or by the Labor Commissioner as a civil penalty through the issuance of a citation or pursuant to Section 98.3. The procedures for issuing, contesting, and enforcing judgments for citations issued by the Labor Commissioner under this section shall be the same as those set forth in subdivisions (b) through (k), inclusive, of Section 1197.1.

46. Labor Code § 2699(f) provides: For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: (1) If, at the time of the alleged violation, the person does not employ one or more employees, the civil penalty is five hundred dollars ($500). (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

47. The weekly stipend Plaintiffs and other au pairs received failed to compensate them at least the minimum wage for all hours worked. Accordingly, Defendants failed to timely pay Plaintiffs and other aggrieved employees their wages due within the intervals required by Labor Code Section 204.

48. Upon resignation or termination, employees were not paid all wages due within the statutory time period. Defendants willfully failed and refused to pay timely compensation and wages for, among other things, unpaid minimum, regular, and overtime wages.

49. Under California Labor Code §§ 210 and 2699, Plaintiffs seek to recover a civil penalty of one hundred dollars ($100) for Plaintiffs and each underpaid employee for the initial violation, and two hundred dollars ($200) for Plaintiffs and each underpaid employee for each subsequent violation, for every pay period in which late payment occurred.

50. Under California Labor Code § 2699(f)(2), Plaintiffs seek a civil penalty of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation of Labor Code §§ 201 and 203 for Defendants' failure to pay earned wages upon discharge, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation of Labor Code §§ 201 and 203.

**Unlawful Deductions and Credits**

51. Labor Code § 221 makes it unlawful for an employer to collect or receive from an employee any part of wages paid to the employee.

52. Labor Code § 224 prohibits any deduction from an employee's wages which is not either authorized by the employee in writing or permitted by law.

53. IWC Wage Order No. 15, § 10(C), provides, in relevant part, that "Meals or lodging may not be credited against the minimum wage without a voluntary written agreement between the employer and the employee."

54. Defendants had no voluntary written agreement with Plaintiffs or other au pairs to credit meals and housing against Defendants' minimum wage obligations.

55. Defendants' policy and practice of taking a credit against minimum wage obligations for housing and meals violates Section 221, 224, and IWC Wage Order No. 15.

56. Labor Code § 225.5 provides that, "In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who unlawfully withholds wages due any employee in violation of Section 212, 216, 221, 222, or 223 shall be subject to a civil penalty as follows: (a) For any initial violation, one hundred dollars ($100) for each failure to pay each employee. (b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld. The penalty shall be recovered by the Labor Commissioner as part of a hearing held to recover unpaid wages and penalties or in an independent civil action. The action shall be brought in the name of the people of the State of California and the Labor Commissioner and attorneys thereof may proceed and act for and on behalf of the people in bringing the action. Twelve and one-half percent of the penalty recovered shall be paid into a fund within the Labor

1   and Workforce Development Agency dedicated to educating employers about state labor laws,

2   and the remainder shall be paid into the State Treasury to the credit of the General Fund."

3        57.     Similarly, Labor Code § 2699(f)(2) provides for a civil penalty of one hundred

4   dollars ($100) for Plaintiffs and each aggrieved employee per pay period for the initial violation

5   of Labor Code §§ 221 and 224.

6        58.     Accordingly, Plaintiffs seek to recover civil penalties as set forth above for

7   Defendants' violations of Labor Code §§ 221 and 224.

### Failure to Provide Meal Breaks

9        59.     Cal. Labor Code § 512 provides, in pertinent part, as follows: An employer shall

10  not employ an employee for a work period of more than five hours per day without providing the

11  employee with a meal period of not less than 30 minutes," and "[a]n employer may not employ

12  an employee for a work period of more than 10 hours per day without providing the employee

13  with a second meal period of not less than 30 minutes."

14       60.     Cal. Labor Code § 226.7 states in part, "An employer shall not require an

15  employee to work during any meal or rest or recovery period mandated pursuant to an applicable

16  statute, or applicable regulation, standard, or order of the Industrial Welfare Commission."

17       61.     Defendants failed to provide Plaintiffs and other au pairs with bona fide meal

18  breaks when they were completely relieved from duty, because Plaintiffs and other au pairs

19  remained responsible for the care of the children while they ate their meals.

20       62.     By failing to provide Plaintiffs and other au pairs with these meal periods,

21  Defendants violated California Labor Code §§ 512 and 226.7.

22       63.     Under California Labor Code §2699(f)(2), Plaintiffs seek to recover a civil

23  penalty of one hundred dollars ($100) for Plaintiffs and each aggrieved employee per pay period

24  for the initial violation of Labor Code §§ 226.7 and 512 for failing to provide meal periods, and

25  two hundred dollars ($200) for Plaintiffs and each aggrieved employee per pay period for each

26  subsequent violation of Labor Code §§ 226.7 and 512 for failing to provide meal periods.

### Wage Statement Violations

28       64.     Pursuant to Labor Code § 226(a) and Wage Order No. 15, § 7, Defendants are

required to provide—semimonthly or at the time of each payment of wages—itemized written statements containing all information described in § 226 and IWC Wage Order No. 15, including, but not limited to, the total hours worked by the employee.

65. Defendants failed to comply with the Labor Code by knowingly and intentionally failing to provide Plaintiffs and aggrieved employees with accurate written statements showing their actual and total hours worked.

66. Under California Labor Code § 226.3 which provides for civil penalties for violations of California Labor Code § 226(a), Plaintiffs seek a civil penalty of two hundred fifty dollars ($250) for Plaintiffs and each aggrieved employee per violation for the initial violation, and one thousand dollars ($1,000) for Plaintiffs and each aggrieved employee per violation for each subsequent violation of Labor Code § 226(a) for failure to provide timely, accurate, itemized wage statements.

### **Recordkeeping Violations**

67. Pursuant Wage Order No. 15, § 7, Defendants are required to keep accurate information with respect to each employee, including the following: the total hours worked by the employee, meal periods, total wages paid each payroll period, including value of board, lodging, or other compensation actually furnished to the employee.

68. Labor Code § 1174.5 provides that "Any person employing labor who willfully fails to maintain the records required by subdivision (c) of Section 1174 or accurate and complete records required by subdivision (d) of Section 1174, or to allow any member of the commission or employees of the division to inspect records pursuant to subdivision (b) of Section 1174 , shall be subject to a civil penalty of five hundred dollars ($500).

69. Defendants have failed to comply with the Labor Code by knowingly and intentionally failing to provide Plaintiffs and other au pairs with accurate written statements showing their actual and total hours worked, breaks taken, and value of room and board provided. In fact, Defendants neither maintains records of the hours the worked by its workers, nor does it remit any semimonthly, itemized statement of hours worked and wages earned. Plaintiffs seek a civil penalty of $500 for this violation.

**Attorneys' Fees**

70. California Labor Code § 2699(g) further provides that any employee who prevails in an action for civil penalties is entitled to an award of reasonable attorneys' fees and costs. Plaintiffs hereby seek to recover his attorneys' fees and costs under this fee and cost shifting statute.

**Exhaustion**

71. On March 20, 2020, pursuant to California Labor Code § 2699.3, Plaintiff Katarzyna Kudlacz sent notice by certified mail to the Labor and Workforce Development Agency (LWDA) and Defendants of the specific provisions of the Labor Code that have been violated, including the facts and theories to support the violations. The LWDA received this notice on the same day, March 20, 2020. *See* Letter from Nichols Kaster, LLP to the LWDA and Defendants attached hereto as Exhibit A. The sixty-five-day time limit for the agency to respond has expired, such that Plaintiff has exhausted her administrative remedies.

72. On September 23, 2020, pursuant to California Labor Code § 2699.3, Plaintiff Natalia Bien sent notice by certified mail to the Labor and Workforce Development Agency (LWDA) and Defendants of the specific provisions of the Labor Code that have been violated, including the facts and theories to support the violations. The LWDA received this notice on the same day, September 23, 2020. See Letter from Nichols Kaster, LLP to the LWDA and Defendants attached hereto as Exhibit B. The sixty-five-day time limit for the agency to respond has expired, such that Plaintiff has exhausted her administrative remedies.

**PRAYER FOR RELIEF**

Based on the above allegations, Plaintiffs respectfully request entry of judgment on behalf of themselves and other current and former employees against Defendants, as follows:

1. For civil penalties under Labor Code § 2699 in an amount according to proof;
2. For prejudgment interest and post-judgment interest as allowed by law;
3. For attorneys' fees and costs, as authorized under Labor Code § 2699(g)(1);
4. For such other and further relief as this Court deems just and proper.
5.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury.

Dated: June 11, 2021

RUKIN HYLAND & RIGGIN LLP

By:_____
Matthew C. Helland

PETER RUKIN
RUKIN HYLAND & RIGGIN LLP
1939 Harrison Street, Suite 290
Oakland, CA 94612

MATTHEW C. HELLAND
NICHOLS KASTER, LLP
235 Montgomery Street, Suite 810
San Francisco, CA 94104

ALEXANDER HOOD
TOWARDS JUSTICE
1410 High Street, Suite 300
Denver, CO 80218

Attorneys for Plaintiffs