UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAREN MORALES POSADA, AMANDA SARMENTO FERREIRA GUIMARAES, WILLIANA ROCHA, and SARA BARRIENTOS, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>CULTURAL CARE, INC., a Massachusetts Corporation,<br><br>    Defendant. | Civil Action No. 1:20-cv-11862 |

**JOINT STATEMENT OF THE PARTIES PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 16(B), 16(C), AND 26(F) AND LOCAL RULE 16.1**

Pursuant to Federal Rules of Civil Procedure 16(b), 16(c), and 26(f), Local Rule 16.1, and the Court's Notice of Scheduling Conference dated March 5, 2024, counsel for the parties[1] have conferred and hereby submit this Joint Statement in advance of the Scheduling Conference set for March 21, 2024.

**I. PROPOSED AGENDA FOR THE SCHEDULING CONFERENCE**

The parties jointly propose that the agenda for the scheduling conference include a discussion of the following topics:

(a) A partial stay of this litigation in light of Defendant's appeal of this Court's ruling on Defendant's motion to compel arbitration dated February 28, 2024 (Dkt. No. 399);

---

[1] Plaintiffs Karen Morales Posada, Amanda Sarmento Ferreira Guimaraes, Williana Rocha, and Sara Barrientos ("Plaintiffs") and defendant Cultural Care, Inc. ("Defendant").

(b)     Defendant's renewed motion to compel arbitration as to the 2023 Contract (*see* Dkt. No. 399, at 8-9).

## II.     PENDING MOTIONS

None.

## III.    SCHEDULE AND STAY OF DISCOVERY

The parties agree that Defendant's filing of its Notice of Appeal (Dkt. No. 403) of the Court's ruling on Defendant's motion to compel arbitration (Dkt. No. 399) stays this litigation as to the named Plaintiffs and opt-in Plaintiffs, *see Coinbase Inc. v. Bielski*, 143 S. Ct. 1915 (2023), except as to opt-in Plaintiffs who signed a 2023 Contract. In light of the Court's February 28, 2024 ruling denying Defendant's motion without prejudice as to the 2023 Contract because Cultural Care did not identify in connection with the motion a specific opt-in Plaintiff who had signed that contract (*see id.* at 8-9), Defendant is working to identify those Plaintiffs who have opted-in to this litigation who signed 2023 Contracts. Plaintiffs are responding to Defendant's requests for information as to opt-in Plaintiffs. As to Plaintiffs who signed 2023 contracts, to the extent they oppose arbitration, Cultural Care intends to renew its motion to compel arbitration. Defendant currently expects to have a list of such individuals by the end of March if not before. Plaintiffs believe Defendant should have identified the individuals allegedly subject to arbitration provisions months ago. Defendant believes it has acted appropriately, including in response to the Court's order. The parties agree that they will continue to confer on Cultural Care's anticipated motion. The parties will be prepared to update the Court on the status of their conferrals at the scheduling conference currently scheduled for March 21, 2024.

Accordingly, the parties respectfully request that the Proposed Order attached be entered by the Court.

**IV.   DISCOVERY PLAN**

The parties have previously conferred regarding preservation of discoverable information. As noted above, the parties agree that to the extent this case is not stayed, a stay of merits discovery is warranted.

**V.    SETTLEMENT OFFER AND RESPONSE**

The parties have previously conferred regarding settlement and have been unable to reach an agreement.

**VI.   REASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE**

At this time, the parties do not consent to reassign this matter to a United States Magistrate Judge.

**VII.  ALTERNATIVE DISPUTE RESOLUTION**

As to those opt-in Plaintiffs for whom this case is not stayed, Defendant has proposed to arbitrate all claims pursuant to the arbitration clause in the 2023 Contract. The parties will continue to confer regarding this issue.

**VIII. LOCAL RULE 16.1(D)(3) CERTIFICATIONS**

Certifications from counsel and the parties that they have conferred with respect to budgetary concerns and possible resolution through alternative dispute resolution programs have previously been filed with the Court.

Dated: March 14, 2024

Respectfully submitted,

| | |
|---|---|
| KAREN MORALES POSADA, AMANDA SARMENTO FERREIRA GUIMARAES, WILLIANA ROCHA, and SARA BARRIENTOS, individually and on behalf of all others similarly situated, | CULTURAL CARE, INC., |
| By: /s/ *Matthew C. Helland* <br> DAVID H. SELIGMAN <br> ALEXANDER N. HOOD <br> TOWARDS JUSTICE <br> PO Box 371680 <br> PMB 44465 <br> Denver, Colorado 80237-5680 <br> Ph: (720) 441-2236 <br> David@TowardsJustice.org <br> Alex@TowardsJustice.org <br><br> PETER RUKIN <br> RUKIN HYLAND & RIGGIN LLP <br> 1939 Harrison Street, Suite 290 <br> Oakland, CA 94612 <br><br> MATTHEW C. HELLAND <br> NICHOLS KASTER, LLP <br> 235 Montgomery Street, Suite 810 <br> San Francisco, CA 94104 <br><br> H. CLARA COLEMAN <br> NICHOLS KASTER, PLLP <br> 4700 IDS Center, 80 S. 8th St. <br> Minneapolis, MN 55402 <br><br> *Counsel for Plaintiffs* | By:    /s/ *Harvey J. Wolkoff* <br> Harvey J. Wolkoff (BBO #532880) <br> Aliki Sofis (BBO# 675777) <br> Matthew Mazzotta (BBO #679230) <br> Alexander del Nido (BBO# 711857) <br> Quinn Emanuel Urquhart & Sullivan LLP <br> 111 Huntington Ave., Suite 520 <br> Boston, MA 02199-3600 <br> Tel. 617-712-7100 <br> harveywolkoff@quinnemanuel.com <br> alikisofis@quinnemanuel.com <br> matthewmazzotta@quinnemanuel.com <br> alexdelnido@quinnemanuel.com <br><br> *Counsel for Defendant* |

**CERTIFICATE OF SERVICE**

      I certify that on this date, a copy of the foregoing document was served on all counsel of record through the Court's CM/ECF notification system.

Dated: March 14, 2024                                      /s/ *Alexander del Nido*
                                                                        Alexander del Nido
                                                                        Counsel for Defendant